PER CURIAM.
This is an appeal from a judgment for $4,150 entered in favor of plaintiff in this action for breach of contract.
Plaintiff, Levina Phillips, as seller, and Ace Apartments, as purchaser, on January 22, 1973 entered into a contract for the purchase of Ms. Phillips’ home. Pursuant to this agreement, Ace deposited $4,150 in escrow with Interstate Title Company. The purchase and sale contract contained a clause whereby Phillips was given 60 days in which to use reasonable diligence to correct any defects in the title in the event defects were found. If Phillips failed to exercise reasonable diligence, the deposit was to be returned to Ace. On February 23 an abstract of title was delivered to Interstate Title Company which represented Ace. On March 1 or 2 Donald Vestal, the abstract examiner, telephoned Phillips’ attorney, Mr. Paul, and advised him of three defects which had to be corrected before the title could be made marketable and insurable. Thereafter, on April 4 Mr. Vestal sent to Phillips’ newly retained counsel, Robert Rit-ter, a letter setting out the three defects which had to be cured to insure title. Subsequently, on April 18 Vestal wrote Ritter that Ace was demanding its deposit back if the transaction was not closed by May 2.[1] Interstate Title Company, escrow agent, by check dated April 26 returned Ace’s deposit and Ace cashed the check on May 3. Thereupon Phillips filed the instant breach of contract action against Ace. The cause was heard by the trial judge who found that (1) even though Mr. Paul had been informed of some of the defects of title and requirements of Interstate Title Company to cure the defects, the seller actually was placed on notice in writing on April 4 by the letter to Mr. Ritter and, therefore, the sixty days began to run as of this date; (2) the seller’s attorney was in the process of correcting the defects to make the title insurable; (3) by receiving and cashing the check on May 3, Ace breached the contract. The judge then entered judgment in plaintiff’s favor for $4,150 in accordance with the terms of the contract.
After a review of the record, we find there was competent substantial evidence to support the finding of the trial judge that the sixty day period began to run on April 4, 1973. Ace having failed to carry the burden of demonstrating that the judgment is against the manifest weight of the evidence or contrary to the legal effect thereof, we affirm. See 2 Fla.Jur. Appeals § 346 (1963) and cases cited therein.
Affirmed.

. The deadline for the sixty days to cure any defects was computed from the March 2 telephone call by Mr. Vestal to Mr. Paul advising of the title defects.